WRIT MADE PEREMPTORY
Frank Johnson, previously convicted of manslaughter, was charged with armed robbery, escaped, and when found was charged with possession of a firearm by a convicted felon under R.S. 14:95.1. A Motion to Suppress was granted and the State seeks review based on exigent circumstances which pretermitted the necessity of a search warrant prior to entering the dwelling where Johnson was apprehended.
At the hearing only one witness, Sgt. Ronald Harrison, testified that at approximately 4:30 p.m. on February 13, 1983, after receiving information from a confidential informant who had been helping for several months,[1] he and Lt. Lacour proceeded to 2602 Sixth Street with an arrest warrant for Johnson. The informant reported that Johnson was inside the Sixth Street address which was his mother’s home. It was known he normally lived across the street with his grandmother at 2705 Belmont (the address on the arrest register), but he was “in and out of both places.” The two officers entered the house and found Johnson in a bedroom lying between two mattresses and under a sheet. Johnson was arrested and two guns were found under the sheet on Johnson’s right.
A search without a warrant is presumably unreasonable unless justified by one of the narrowly drawn exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Once a warrantless search is shown (undisputed here) the State must affirmatively show the search was justified under one of the exceptions. One recognized exception is a search incident to a lawful arrest made of the person and the area within his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Wichers, 392 So.2d 419 (La.1981).
The U.S. Supreme Court has held that an arrest warrant does not protect the Fourth Amendment interests of a person not named in the warrant when the home of the person not the subject of the arrest warrant is searched, absent consent or exigent circumstances. Steagald v. U.S., 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). In Steagald the constitutional challenge was raised by the person whose house was searched.
Johnson cannot contend his constitutional right to be secure in his own home against an unreasonable search had been violated because he was not arrested in his home, but at his mother’s house. He apparently claims the entry into his mother’s house without a search warrant violated his constitutional rights under the 1974 Louisiana *352 Constitution, Art. 1 § 5.[2] Therefore, the narrow issue before us is whether, under our State Constitution, the subject of an arrest warrant who is seized in another person’s house which was entered without a search warrant, or consent, or under exigent circumstances, was “adversely affected” so as to require suppression of evidence seized incident to his arrest.
In State v. Barrett, 408 So.2d 903 (La.1981), a case with essentially identical facts, the Louisiana Supreme Court held that a search pursuant to a valid arrest warrant was not affected by the entry into the house of a third person. In Barrett, the police had received information from a reliable confidential informant that the defendant, a parole violator, could be temporarily found at a certain address but that Barrett would probably be leaving that evening as police were concentrated in the area. The police proceeded to the address to execute an outstanding arrest warrant. An unidentified male answered the door and told the police Barrett was in the rear of the apartment. The police located Barrett, placed him under arrest, and performed a pat-down search. The search produced two types of narcotics and Barrett was then advised that he was also under arrest for possession of narcotics. Barrett attempted to suppress the evidence arguing that under La. Const. Art. 1, § 5 (1974) he was “adversely affected” by the illegal entry into Condriff’s (a third party’s) house, and he (Barrett) had standing to raise its illegality. The Court stated:
Had defendant been arrested in his own home, under [Payton v. U.S., 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)] the arrest warrant would have been adequate to safeguard his constitutional rights. Hence, if we were to agree with defendant’s contention, the result would be that he would enjoy greater protection against “unreasonable searches, seizures, or invasions of privacy” in the house of a third party than in his own home. On the other hand, we recognize that but for the fact of defendant’s presence in Condriff’s house, he would not have been arrested and evidence seized from his person. Nonetheless, we are not prepared to say that, within the meaning and purpose of our constitutional provision, defendant was “adversely affected” by the illegal entry into Condriff’s house so as to require suppression of the evidence seized from his person. We do not consider that the previously issued valid arrest warrant was affected by the illegal entry into Condriff’s house. Nor did it affect the search of defendant made as an incident to that arrest within the area of his immediate control. Hence, the trial judge properly denied defendant’s motion to suppress. (Emphasis in original).
We are satisfied the arrest warrant adequately protected any privacy interest that Johnson had in his mother’s house. Johnson was not so “adversely affected” by the illegal entry which would require suppression of evidence seized within the area of his immediate control and incidental to his arrest. State v. Barrett, supra.
The judgment of the district court is reversed, the Motion to Suppress is denied, and the case remanded for further proceedings.

. The reliability of the informant was not questioned at the hearing.

. Art. 1 § 5 provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.