359 So.2d 115 (1978)
STATE of Louisiana
v.
Raymond WILLIAMS.
No. 61130.
Supreme Court of Louisiana.
May 22, 1978.
*116 C. Frank Holthaus, Boren, Holthaus & Perez, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph Roy, Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Raymond Williams, was charged by bill of information with theft and receiving stolen things. La.R.S. 14:67 and 14:69. The defendant waived trial by jury and after a judge trial was convicted of receiving stolen things and sentenced to serve five years at hard labor. On this appeal, he relies upon four assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that Louisiana Code of Criminal Procedure Article 482, which allows the State to alternatively charge an accused with theft and receiving stolen things, is violative of the constitutional prohibition against placing an accused twice in jeopardy for the same offense. Article 482(A) provides:
"An indictment for theft may also contain a count for receiving stolen things, and the defendant may be convicted of either offense. Where two or more persons are jointly indicted for these offenses, any or all of the persons indicted may be found guilty of either of the offenses charged. The district attorney shall not be required to elect between the two offenses charged."
The official revision comments to the article explain the situations in which use of the alternative charging procedure is contemplated:
"(a) This article, following Art. 246 of the 1928 Code of Criminal Procedure, provides for a situation where the state is frequently in justifiable doubt as to which crime will be established by the evidence adduced at the trial. A receiver of stolen things (R.S. 14:69) will be guilty of theft (R.S. 14:67), rather than receiving, if it develops that he procured or in any way participated in the stealing of the goods. This article authorizes the charging of these distinct crimes in separate counts. It is for the jury to determine which charge is supported by the evidence; therefore, the article expressly states that the prosecuting officer shall not be required to elect between the two offenses charged."
The Fifth Amendment provisions prohibiting double jeopardy were made applicable to the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Further, the Louisiana Constitution *117 of 1974[1] provides that no person shall be twice placed in jeopardy for the same offense. The United States Supreme Court, in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), stated that the guarantee against double jeopardy consists of three separate constitutional protections:
"[1] It protects against a second prosecution for the same offense after acquittal.
"[2] It protects against a second prosecution for the same offense after conviction.
"[3] And it protects against multiple punishments for the same offense."
A reading of Article 482 in conjunction with the criteria set forth by the United States Supreme Court in Pearce readily demonstrates that the article does not violate any of the interests sought to be protected by the Fifth Amendment. Under the article, an accused may not be subjected to multiple prosecutions for the same offense, whether upon conviction or acquittal. In fact, the effect of the article is that there is to be a single prosecution resulting in an acquittal or a single conviction for theft or receiving stolen goods. Further, despite the assertions of defendant's able counsel, the statute does not put an accused in danger of receiving multiple punishments for the same offense; the article is couched expressly in the alternative, and provides that the defendant may be found guilty of either offense not both offenses.
Defendant's first assignment of error is meritless.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that Louisiana Code of Criminal Procedure Article 482 is unconstitutional because, in order to rebut the statutory presumption of La.R.S. 15:432 that one in possession of recently stolen goods is presumed to be the thief, he had to incriminate himself as to the charge of receiving stolen things. Since his only defense to the theft charge was the fact that he had taken the goods from the real thief, knowing them to be stolen, defendant contends that he "explained himself out of one conviction right into another."
The State contends that defendant's assertions are basically an attack on the presumption of La.R.S. 15:432, recently upheld by this Court in State v. Jamerson, 341 So.2d 1118 (La.1977).[2] Further, it asserts that the issue of improper joinder of offenses is not properly raised for the first time in this Court, and that defendant's failure to contemporaneously object to the procedure operated as a waiver of his objections.
Defendant relies upon our holding in the case of City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974), for the proposition that the unconstitutionality of the statute upon which the prosecution is based is an error patent on the face of the record and is, thus, properly raised for the first time on appeal. That holding, however, is inapposite to the case at bar; the instant prosecution is based not upon Article 482 but rather upon the substantive criminal statutes which the defendant is alleged to have violated: i. e., La.R.S. 14:67 and 14:69. Article 482 is a procedural statute styled by title in the Code of Criminal Procedure as "special joinder rules." In State v. Mallett, 357 So.2d 1105 (La.1978), Nos. 60,923 and 60,924, this Court held that improper joinder must be raised at the trial level in order to be properly considered on appeal. Therefore, although our determination that the instant assignment is substantively without merit makes such a holding unnecessary, we express grave doubts as to the propriety of attempting to raise such an issue for the first time in this Court.
On the merits, our examination of the defendant's arguments on the second assignment of error reveals that his objection to the proceeding is not that he is forced to *118 incriminate himself. In fact, the defendant contends that he desires to incriminate himself on the charge of receiving stolen goods in order to exonerate himself of the theft charge. Defendant's real complaint is that the joinder of the charges for trial allows the State to use more effectively evidence resulting from his election to incriminate himself than if the district attorney were required to elect between the two offenses charged. Since the joinder rule does not tend to compel the defendant to give evidence against himself, it does not violate the constitutional privileges against self-incrimination. U.S.Const., Fifth Amendment; La.Const.1974, Art. 1, §§ 13, 16.
Defendant also contends that the joint trial of these two offenses subjects him to double jeopardy. For the reasons assigned in connection with Assignment No. 1, we again find the argument unpersuasive.
This assignment of error is without error.

ASSIGNMENTS OF ERROR NOS. 5 and 6
Defendant assigns as error the trial court's overruling of his motion for a directed verdict as to both charges. An allegation that there is a total lack of evidence of the crime or an essential element thereof presents a reviewable question of law for this Court. La.Const.1974, Art. 5, § 5(C); State v. Williams, 346 So.2d 181 (La.1977). However, our review of the record indicates that there was sufficient evidence to support rationally a finding beyond a reasonable doubt that defendant committed the offense of which he was convicted. Therefore, these assignments of error lack merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
NOTES
[1] Article 1, Section 15.
[2] See also, State v. Coleman, 358 So.2d 289 (La.1978). But see also, State v. Searle, 339 So.2d 1194 (La.1976) and State v. Coleman, supra (dissenting opinion).