404 So.2d 974 (1981)
STATE of Louisiana
v.
Edward BELL.
Nos. 80-KA-2956, 81-KA-0292.
Supreme Court of Louisiana.
September 28, 1981.
*975 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Shirley Wimberly, Steven Wimberly, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Joseph Tosh, Gretna, for defendant-appellant.
WATKINS, Associate Justice Ad Hoc[*].
Defendant Edward Bell was charged with theft and receiving stolen property, a violation of LSA-R.S. 14:67 and 14:69, respectively. These alleged offenses arose from an alleged single incident, viz. taking merchandise from Godchaux's Store, Lakeside Shopping Center, Jefferson Parish. Although a defendant may be charged with both offenses, theft and receiving stolen property, arising out of a single incident, he may be convicted of only one or the other. State v. Robertson, 386 So.2d 906 (La.1980); State v. Williams, 359 So.2d 115 (La.1978).
This case was tried by the judge. Although the language of the trial court in finding Bell guilty is ambiguous, we will assume that the trial court acted in accordance with the requirements of the two cited cases, Robertson and Williams, supra, and convicted Bell of but one offense, theft, a violation of LSA-R.S. 14:67. Sentencing was deferred pending multiple billing, as defendant was a dual or multiple offender. A bill of information was subsequently filed in a separate proceeding charging Bell with being a multiple offender, having had four (4) prior felony convictions. The theft conviction is before us as 81-KA-0292 and the multiple billing is before us as 80-KA-2956.
Defendant's counsel appeared in open court in the multiple billing proceeding and acknowledged that defendant was a second offender. No mention was made of the bill charging four prior offenses. We are uncertain whether defense counsel's acknowledgement of one prior offense was the result of error on the part of all concerned or the result of plea bargaining.
In any event, the trial court sentenced defendant as a multiple offender to two terms of two years imprisonment at hard labor, to run consecutively. The sentence was clearly improper. Defendant was convicted of having stolen merchandise worth $443.00. Under LSA-R.S. 14:67 the maximum sentence for theft in that amount would have been two years at hard labor had defendant been sentenced for theft. If defendant had indeed been convicted of four prior felonies, the minimum correct sentence for a multiple offender with four prior felony convictions was 20 years at hard labor. Only if defendant had had but one prior felony conviction would 4 years imprisonment have been a correct sentence. See LSA-R.S. 15:529.1. Even if 4 years imprisonment was the proper sentence, considering the acknowledgement of one prior conviction by defendant's counsel, still that sentence should have been imposed as one single sentence of 4 years, not as two consecutive 2 year sentences. There should have been but one sentence, for double or multiple felonies. No separate sentence should have been imposed for theft, nor do we interpret the trial court's sentencing to sentence separately for theft and dual or multiple felonies. In any event, a sentence of two consecutive terms of two years for a single offense, viz. being a dual or multiple offender, was clearly improper.
*976 Defense counsel contends that photographs of the merchandise allegedly stolen were improperly introduced, when the best evidence was the merchandise itself. We cannot agree with this contention. Under LSA-R.S. 15:436.1 photographs of alleged objects of theft may be introduced if otherwise admissible, without regard to the availability of the property itself. See also State v. Dilworth, 358 So.2d 1254 (La.1978). The photographs not having been inadmissible for any other reason, they were properly admitted.
The store detective, Barnes, and a security officer, Newman, both testified as to the value of the merchandise stolen. Defendant contends that the testimony as to the value of the stolen goods was opinion testimony and inadmissible, as neither witness had qualified as an expert. However, the values of the merchandise were determined by looking at the price tags on the objects allegedly stolen. The witnesses were thus testifying as to facts, not giving opinion testimony.
Defendant's sole assignments of error were that the photographs of the merchandise were improperly admitted in evidence, and that testimony as to the value of the merchandise was improperly admitted. Neither of these assignments of error has merit, as we have indicated. However, an error which is discoverable upon a mere inspection of the pleadings and proceedings may be considered by the court on appeal. LSA-C.Cr.P. art. 920(2). As we have noted, it is apparent that the entire sentencing process on the multiple billing is flawed. It is impossible to determine whether defendant was sentenced as having had four prior felony convictions, or one, and if the sentencing is indeed for four prior offenses, it is of incorrect duration. Nor should the sentencing have been for two consecutive terms, as the multiple felony statute contemplates a single sentence, not consecutive sentences.
For the reasons set forth, we affirm the conviction but vacate the sentence and remand the case for reimposition of sentence in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND SET ASIDE AND CASE REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Defendant, along with two other men, was charged in two counts with both theft and receiving stolen things. This proceeding bore Docket No. 79-1101. Defendant was found guilty on both counts and sentenced to two years on each count, the sentences to run concurrently.
Defendant was then billed as a multiple offender under Docket No. 80-1629, and he pleaded guilty to being a second offender. He was then sentenced to two years, to run consecutively with the sentence in No. 79-1101.
There were two sentencing errors. First, defendant could not be convicted of both theft and receiving stolen things based on the same conduct. Second, defendant should not have been separately sentenced on the charge of being a multiple offender, but should have been resentenced as a multiple offender on the underlying charge of theft (or receiving stolen things).
The preferable procedure would be to set aside both the conviction and the sentence and to remand with instructions to enter a judgment of guilty of either theft or receiving stolen things and to resentence as a multiple offender on the conviction thus entered. However, I cannot quarrel with the majority's assumption that Bell was convicted of theft, because the evidence supports that covniction.[1] On remand defendant should be sentenced for theft within the sentencing range for a second offender.
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr. of the First Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] On the remand ordered by the majority the trial court should set aside the conviction of receiving stolen things.