GAUDIN, Judge.
Bertha Britton was convicted of theft and possession of stolen property following a non-jury trial in the 24th Judicial District Court and she assigns five errors, at least one of which has merit. We reverse her conviction and her sentence of 61 months at hard labor, and we remand this matter to the trial court for further proceedings consistent with this opinion.
Following Britton’s arrest because of alleged systematic theft of clothing from her employer, she was accompanied to her residence by two police officers. Britton originally consented to a search of her home but later withdrew the consent when her attorney arrived on the scene. None *7 theless, the police continued to search and they seized various articles of clothing and took a series of photographs.
During a motion to suppress the seized clothing, one of the officers was asked:
Q. Do you recall that person (the attorney) asking you not to search the house?
A. Yes, sir, I do.
Q. But you continued to search the house anyway, is that correct?
A. Right, right.
Following the motion, the trial judge said that:
"... the motion to suppress should be granted ... I think that they should have gotten a search warrant and they did not do so; I think it was poor police work
The photographs were not discussed and were not at issue during this hearing.
We agree with the trial judge’s granting of the motion. Once the consent was withdrawn after Britton’s attorney arrived, the search should have been terminated and a search warrant sought. A search without a warrant is presumably unreasonable unless justified by one of several narrowly drawn exceptions. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, and State v. Johnson, 437 So.2d 350 (La.App. 4th Cir.1983).
The trial judge obviously did not consider the instant search an exception to the general rule as enunciated in Coolidge. Accordingly, the seized clothing was excluded from evidence.
Later, during the trial itself, the State introduced, over defense objections, six 8 X 10 color photographs of allegedly stolen property taken after Britton’s consent to search had been withdrawn. Defendant assigns this introduction as reversible error.
The State argues that the photographs were taken before the consent was recanted, but the record clearly shows otherwise.
If the search was unconstitutional and the items of seized clothing suppressed, the illegally taken photographs should also have been excluded from evidence.
Derivative or indirect evidence obtained during an unconstitutional search is referred to as “fruits of the poisonous tree,” a phrase first used in Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, and explained further in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. There are exceptions[1] to this rule, but none are applicable here.
Inasmuch as we are prohibited from reviewing or retrying facts in a criminal ease[2], we cannot say that defendant was proven guilty beyond a reasonable doubt despite the erroneous introduction of the photographs. Instead, we can only remand for a new trial without the inadmissible evidence, as was done in State v. Perniciaro, 374 So.2d 1244 (La.1979), and other similar cases.
' While it is not necessary to consider appellant’s other assignments of error, we note that defendant could not have been found guilty of theft and possession of stolen property.[3]
DECREE
Accordingly, we reverse the conviction and sentence, and remand to the 24th Judicial District Court for further proceedings consistent with the views heretofore expressed.
REVERSED AND REMANDED.

.Reference the Nardone opinion; also Silverthome Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537; and United States ex rel. Owens v. Twomey, 508 F.2d 858 (7 Cir.1974).

. La. Const.1974, Art. 5, Sec. 5(C).

. LSA-C.Cr.P. art. 482(A).