506 So.2d 193 (1987)
STATE of Louisiana
v.
Joycelyn DOMINICK.
No. 86-KA-334.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*194 John M. Mamoulides, Gerald Alonzo, Dorothy A. Pendergast, Dist. Atty's. Office, Gretna, for plaintiff-appellee.
*195 Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Joycelyn Dominick was convicted by a six-person jury of theft of merchandise valued over $100.00 and with receiving stolen things. Following her sentencing (two years without hard labor on each count, to run concurrently), she appealed, assigning and briefing various district court errors.
For the following reasons, we affirm the conviction for theft and we reverse the conviction for possession of stolen property.
On December 1, 1984, Dominick was in a Sears store in Gretna, Louisiana where she was observed, by closed circuit television, taking clothes off a rack and handing them to a girl, who put the merchandise in a bag and left the store.
A security guard followed the girl outside. The contents of the bag were deposited in an automobile and later recovered along with other goods allegedly stolen from a J.C. Penney store in New Orleans. Appellant and others were arrested for shoplifting.
The merchandise from Penney formed the basis for the stolen property charge and conviction. At trial, Penney's chief of security testified and while he identified the property as having come from Penney, he could not say that the items had been taken illegally. The security chief was asked:
"Do you have any knowledge then or any way to know whether or not this stuff was stolen from the store as opposed to being purchased?"
His response: "No, sir."
Accordingly, Dominick's conviction and sentence for receiving property stolen from the Penney store must be set aside. The testimony and evidence, however, do support the theft conviction.
Concerning the theft conviction, Dominick contends that the trial judge erred (1) in allowing the prosecution to use Polaroid photographs of the Sears merchandise in lieu of the actual objects and (2) in not granting a new trial because of insufficient evidence. Also, appellant argues that the composition and conduct of the jury deprived her of a fair trial.
Photographs of evidence allegedly stolen may be admitted as evidence without regard to the availability of the property itself. See LSA-R.S. 15:436.1. Here, Dominick can demonstrate no bias as the photographs were in conjunction with state testimony (1) clearly identifying the things as being stolen and (2) precisely establishing the value at $300.91. In State v. Bell, 404 So.2d 974 (La.1981), the Supreme Court of Louisiana was faced with an identical situation. From Bell:
"Defense counsel contends that photographs of the merchandise allegedly stolen were improperly introduced, when the best evidence was the merchandise itself. We cannot agree with this contention. Under LSA-R.S. 15:436.1 photographs of alleged objects of theft may be introduced if otherwise admissible, without regard to the availability of the property itself. See also State v. Dilworth, 358 So.2d 1254 (La.1978). The photographs not having been inadmissible for any other reason, they were properly admitted.
"The store detective, Barnes, and a security officer, Newman, both testified as to the value of the merchandise stolen. Defendant contends that the testimony as to the value of the stolen goods was opinion testimony and inadmissible, as neither witness had qualified as an expert. However, the values of the merchandise were determined by looking at the price tags on the objects allegedly stolen. The witnesses were thus testifying as to facts, not giving opinion testimony.
"Defendant's sole assignments of error were that the photographs of the merchandise were improperly admitted in evidence, and that testimony as to the value of the merchandise was improperly *196 admitted. Neither of these assignments of error has merit, as we have indicated."
Other necessary elements of theft were proven by the testimony and evidence. Not only was there testimony about items being taken by appellant and passed on to her daughter for removal from the place of business, there was the testimony of a Jefferson Parish police officer who said that Dominick admitted illegally taking the merchandise from the Sears store.
The testimony and evidence supporting the theft conviction, taken in the light most favorable to the prosecution, do uphold a finding of guilt beyond a reasonable doubt. The standards proclaimed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and by the Supreme Court of this State in many opinions subsequent to 1979 were not offended.
Appellant challenges the jury composition because (1) members of the jury may have been rejected in earlier trials, (2) approximately 20 prospective jurors admitted close personal connections with law enforcement personnel, (3) two jurors were related to law enforcement agents and (4) not a single member of the jury was black, unemployed or on welfare.
Prospective jurors in the 24th Judicial District are placed in a central pool and are called to a specific courtroom when needed. Persons from the pool not selected in a particular case may be returned to the pool and summoned in another proceeding. LSA-C.Cr.P. art. 409.3(F) authorizes this procedure, and appellant has shown no prejudice by the use of this system.
Personal connections with and relationships to law enforcement personnel do not, by themselves, disqualify prospective jurors. See State v. Ford, 489 So.2d 1250 (La.1986). However, such associations and relationships are subject to careful scrutiny and the trial judge must check on the credibility of each man or woman called for jury service.
The jury that convicted Dominick included a woman whose brother-in-law was a policeman and a man who said that he had a neighborhood friend, whom he had not seen for six months, who was a police officer. The questioning of the woman during the voir dire examination indicates that she could be fair and impartial and not give a law enforcement person's testimony greater weight because of his occupation.
The male juror was not questioned as to his ability to be impartial, but it does not appear that the trial judge abused his discretion in the jury-selection process or that any prejudiced juror was selected. In State v. Ford, supra, which is a death penalty case, the Supreme Court gave approval to a juror who admitted knowing "too many (officers) to name all of them" but who otherwise indicated by his answers on voir dire that he could sit as a fair, impartial juror, giving both sides equal consideration.
In any event, if the trial judge presides over an informed and meaningful voir dire examination and the record does not suggest any bias or prejudice, a convicted defendant cannot complain.
Dominick's assertion that no jurors were black, not working or on welfare is not completely accurate. Four of the jurors were in fact unemployed; and none was asked, one way or the other, about welfare assistance.
The record does not disclose, as appellant charges, purposeful racial discrimination as discussed in Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and in earlier decisions concerned with this issue, including Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Dominick simply states that no blacks were on her jury but raises no inference or possibility that the assistant district attorney used preemptory challenges to exclude blacks.
Likewise, appellant makes no attempt to show systematic exclusion of blacks in prior cases or over a period of time. Had Dominick made out a prima facie case, the burden would have shifted to the state to prove contrary.
*197 Also, we note that a contemporaneous objection to the composition of the jury was not timely made, a requirement of LSA-C. Cr.P. art. 841.
Finally, Dominick asks for a reversal because a criminal law and procedure handbook was present in the jury room during deliberations. While a law book actually read by a juror while deliberating can be an extraneous influence, each jury member in the instant case was individually questioned and each testified that he or she did not open the book or see anyone who did. This assignment is consequently without substance.
We examined the record for errors patent and found none. Dominick's conviction and two-year sentence are affirmed.
REVERSED IN PART, AFFIRMED IN PART.