KLEES, Judge.
The State appeals the trial court’s granting of a motion to quash made by the defendant in which he claimed that his prosecution was barred by double jeopardy. We affirm.
On February 20,1986, the defendant was charged in Orleans Parish with theft, a violation of R.S. 14:67, to which he pled not guilty. Defendant filed a motion to quash, arguing that he had previously pled guilty in a Jefferson Parish prosecution to the crime of receiving stolen things, a violation of R.S. 14:69, which charge arose out of the same facts as the present charge. The trial court granted the motion on the grounds that further prosecution would constitute double jeopardy. We agree.
Both the Louisiana constitution and the federal constitution provide that no person shall be twice put in jeopardy of life or liberty for the same offense. U.S. Constitution, Amendment V; Louisiana Constitution, Art. I § 15. According to Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is whether each statute requires proof of an additional element which the other does not. Louisiana courts employ the Block-burger test as well as the broader “same evidence” test. Under the latter test, if the evidence required to support a finding of *195 guilt of one crime would also have supported conviction for the other, the two are considered the same offense for double jeopardy purposes. See State v. Barnes, 496 So.2d 1056 (La.App. 4th Cir.1986).
With regard to theft and receiving stolen goods, the Louisiana Supreme Court has held that, although a defendant may be charged with both offenses, he may be . convicted of only one or the other. State v. Bell, 404 So.2d 974, 975 (La.1981); State v. Robertson, 386 So.2d 906 (La.1980); State v. Williams, 359 So.2d 115 (La.1978). In State v. Williams, supra, the Court discussed Code of Criminal Procedure article 482(A), which provides: “An indictment for theft may also contain an indictment for receiving stolen things, and the defendant may be convicted of either offense.” Official revision comment (A) states,
(a) This article, following Art. 246 of the 1928 Code of Criminal Procedure, provides for a situation where the state is frequently in justifiable doubt as to which crime will be established by the evidence adduced at the trial. A receiver of stolen things (R.S. 14:69) will be guilty of theft (R.S. 14:67), rather than receiving, if it develops that he procured or in any way participated in the stealing of the goods. This article authorizes the charging of these distinct crimes in separate counts. It is for the jury to determine which charge is supported by the evidence; therefore, the article expressly states that the prosecuting officer shall not be required to elect between the two offenses charged.
Citing this comment, the Williams case held that article 482(A) does not violate the constitutional prohibition against double jeopardy because "... the article is couched expressly in the alternative, and provides that the defendant may be found guilty of either offense — not both offenses.” 359 So.2d at 117 (Emphasis added.).
In the instant case, the defendant allegedly stole a purse from the desk of an employee of the Delgado College bookstore in New Orleans on October 2, 1985. Later that afternoon, the defendant was arrested on an unrelated charge at a shopping mall in Jefferson Parish and was found to be in the .possession of credit cards belonging to the bookstore employee. After pleading guilty in Jefferson to illegal possession of stolen things under R.S. 14:69, the defendant was charged by Orleans Parish authorities with theft under R.S. 14:67. Theft is defined as “the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.” Illegal possession of stolen things is “the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.”
Appellant argues that this prosecution for theft does not constitute double jeopardy because the essential element of intent, required in R.S. 14:67, is not required in 14:69; whereas the element of possession, required in 14:69, is not required in 14:67. In our view, whether or not the definitions of the two offenses fit one of the articulated “tests” for double jeopardy is irrelevant because the Louisiana Supreme Court has already determined that a defendant cannot constitutionally be convicted of both theft and illegal possession of stolen things arising out of the same facts. State v. Bell, supra; State v. Robertson, supra; State v. Williams, supra. This rule is not obviated by the fact that the offenses were committed in separate jurisdictions.
Accordingly, we find that defendant’s prosecution for theft in this instance is barred by the constitutional prohibition against double jeopardy, and we therefore affirm the trial court’s granting of defendant’s motion to quash.
AFFIRMED.