NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1305


STATE OF LOUISIANA

VERSUS

ANDRIS SINEGAL, JR., A/K/A ANDRUS SINEGAL, A/K/A ANDRUS
SENEGAL, A/K/A ANDRIS SENEGAL


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 105635
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell,
Judges.

**CONVICTION AND SENTENCE FOR SECOND DEGREE ROBBERY
AFFIRMED.  CONVICTION FOR ILLEGAL POSSESSION OF STOLEN
THINGS REVERSED AND SENTENCE VACATED; ORDER OF
ACQUITTAL ENTERED.**

**Michael Harson**
**District Attorney, Fifteenth JDC**
**Keith A. Stutes**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff-Appellee:**
**State of Louisiana**

**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant-Appellant:**
**Andris Sinegal, Jr.**

**PICKETT, Judge.**

                                    FACTS

       On the evening of December 31, 2004, the defendant hid in the storeroom of the Family Dollar Store in Lafayette, Louisiana, as the store employees closed up the store and prepared the cash deposits. When the victim entered the storeroom with the cash, the defendant viciously attacked him and fled with the money. The defendant was apprehended shortly thereafter with the money in his possession. The victim suffered severe and permanent injury from the attack which occurred during the robbery.

       Andris Sinegal, Jr. was originally charged by bill of information with attempted first degree murder and armed robbery. However, on January 29, 2008 the bill of information was amended to one count of second degree robbery, a violation of La.R.S. 14:64.4, and one count of illegal possession of stolen things over five hundred dollars, a violation of La.R.S. 14:69. Trial commenced on January 29, 2008 and, on January 30, 2008, the jury found the defendant guilty as charged. Sentencing was held on June 16, 2008, and the defendant was sentenced to thirty years at hard labor for the offense of second degree robbery and eight years at hard labor for the offense of illegal possession of stolen things over five hundred dollars. The sentences were ordered to be served concurrently.

       The defendant has perfected a timely appeal. He raised only one assignment of error, that he was subjected to double jeopardy when he was convicted of second degree robbery and possession of illegal things over five hundred dollars, which was the money that was taken during the course of the robbery.

                                      1

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

The defendant argues that the convictions violated the principles of double jeopardy as the evidence necessary to prove the second degree robbery was the same evidence necessary to prove the illegal possession of things valued more than five hundred dollars, which was the money stolen from the victim and found in the defendant's possession.

The Double-Jeopardy Clause protects defendants from being punished or prosecuted twice for the same offense. U.S. Const. amend. V; LSA-Const. art. I, § 15; LSA-C.Cr.P. art. 591. Under LSA-C.Cr.P. art. 596, double jeopardy exists in a second trial only when the charge brought is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, or (2) based on a part of a continuous offense for which the defendant was in jeopardy in the first trial. The United States Supreme Court applies the "additional fact" test to resolve double jeopardy issues and states are constitutionally required to do the same. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See also United States v. Dixon,* 509 U.S. 688, 696-97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993); *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225-26, 53 L.Ed.2d 187 (1977); *State v. Knowles,* 392 So.2d 651, 654 (La.1980). The "additional fact" test requires that, when conduct constitutes a violation of two or more distinct statutory provisions, the provisions must be scrutinized to confirm that each demands proof of an additional fact. *State v. Sandifer,* 95-2226, pp. 4-5 (La.9/5/96), 679 So.2d 1324, 1328-29.

In addition, Louisiana courts utilize the "same evidence" test, which focuses upon the actual physical evidence and testimony necessary to secure a conviction. This test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, under the "same evidence" test, the court's concern is with the "evidential focus" of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence presented goes to satisfy the prosecution's burden of proof. Therefore, if the evidence required to

2

support a finding of guilt would also support a conviction for another offense, the defendant can be placed in jeopardy for only one of the two. *State v. Sandifer*, 95-2226 at p. 5, 679 So.2d at 1329.

*State v. Jacks,* 07-805, pp.6-7 (La.App. 1 Cir. 11/2/07), 978 So.2d 922, 926, *writ denied*, 08-345 (La. 9/19/08), 992 So.2d 951.

Second degree robbery is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another when the offender intentionally inflicts serious bodily injury." La.R.S. 14:64.4(A)(1). Louisiana Revised Statutes 14:69(A) defines illegal possession of stolen things:

> Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

Louisiana Code of Criminal Procedure Article 482(A) provides:

> An indictment for theft may also contain a count for receiving stolen things, and the defendant may be convicted of either offense. When two or more persons are jointly indicted for these offenses, any or all of the persons indicted may be found guilty of either of the offenses charged. The district attorney shall not be required to elect between the two offenses charged.

In the current case, the defendant was convicted of robbing the victim of cash receipts, and convicted of illegal possession of the cash receipts.

It appears from the record that the trial court failed to instruct the jury that it may find the defendant guilty of only one of the charges. In a similar case, *State v. Peden,* 04-71 (La.App. 5 Cir. 5/26/04), 875 So.2d 934, the accused was charged with armed robbery and illegal possession of the car taken in the robbery. The fifth circuit noted that "[c]*harging* a defendant with theft, or a crime of which theft is an essential element, and receiving stolen things, is not in itself a violation of double jeopardy. Rather, the jury must choose between the two counts and convict on only one count

3

or the other." *Id.* at 948 (emphasis in original). *See also, State v. Norman,* 34,868 (La.App. 2 Cir. 10/31/01), 799 So.2d 619.

When there is a double jeopardy violation, such as in this case, the Louisiana Supreme Court has stated that "[t]o remedy a violation of double jeopardy, this court has followed a procedure of vacating the conviction and sentence of the less severely punishable offense, and affirming the conviction and sentence of the more severely punishable offense." *State ex rel. Adams v. Butler,* 558 So.2d 552, 553 (La.1990). *See State v. Cogswell*, 05-510 (La.App. 3 Cir. 12/30/05), 918 So.2d 590, *writ denied,* 06-314 (La. 9/1/06), 936 So.2d 196. In the current case, the offense of second degree robbery is punishable by up to forty years at hard labor, and the offense of illegal possession of stolen things is punishable by up to ten years at hard labor. The sentence for the offense of illegal possession is the less severe sentence.

## CONCLUSION

Considering the above jurisprudence we find that the defendant was subjected to double jeopardy when he was convicted of an offense which includes theft as an essential element, second degree robbery, and illegal possession of stolen things. Therefore, we reverse the conviction of illegal possession of stolen things, which carries the less severe sentence, vacate the sentence imposed for that conviction, and order an acquittal be entered on that charge. **The defendant's conviction and sentence for second degree robbery are affirmed.**

**CONVICTION AND SENTENCE FOR SECOND DEGREE ROBBERY AFFIRMED. CONVICTION FOR ILLEGAL POSSESSION OF STOLEN THINGS REVERSED AND SENTENCE VACATED; ORDER OF ACQUITTAL ENTERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

4