PER CURIAM.
| granted in part; otherwise denied. Defendant was found guilty of both armed robbery and illegal possession of a stolen firearm. The firearm was inside the automobile that defendant took from the victim at gunpoint. To convict a defendant of both armed robbery and of the illegal possession of an item stolen during that robbery violates the Double Jeopardy clause. See State v. Robertson, 386 So.2d 906, 908 (La.1980) (“In the instant case, since defendant has been convicted of armed robbery, which includes theft as an essential element thereof, he cannot be convicted of receiving stolen things as a matter of law.”); see also State ex rel. Bradley v. State, 08-0510 (La.2/13/09), 1 So.3d 460 (per curiam) (“Because relator’s prior misdemeanor conviction in the Baker Municipal Court for illegal possession of stolen things involved the same object of theft, his subsequent trial and conviction in the 19th Judicial District Court for the armed robbery of June ^Carter, among other counts charging armed robberies of different victims, violated double jeopardy principles.”).
The court of appeal found it significant that the state indicated in the charging instrument that several items were stolen during the robbery. See State v. Roe, 13-1434, p. 44 (La.App. 4 Cir. 10/8/14), 151 So.3d 838, 865 (“In the present case, however, unlike any facts set forth in Robertson, Baptiste, or Bradley, the bill of information specifically charged that Henley was robbed of a motor vehicle ‘and/or’ a handgun ‘and/or’ shirt, ‘and/or’ pants.”). On that basis, the court of appeal determined that the state* was not required to prove that defendant stole the handgun during the armed robbery and thus could be convicted of both offenses without violating the Double Jeopardy clause. The court of appeal erred.
*126 This Court has held in the context of the theft of multiple items, a defendant can be convicted of either the theft or of the receiving of those stolen items but not both. See State v. Bell, 404 So.2d 974 (La.1981) (in which defendant stole several items of merchandise). Similarly, in State ex rel. Bradley, this Court found that a defendant could not be convicted of both armed robbery of a purse and illegal possession of a stolen checkbook and social security card that were inside the purse when it was stolen. Likewise here, the handgun was inside a car when it was stolen. Although it is true, as the U.S. Supreme Court has observed, that “Double Jeopardy is an area of the law filled with technical rules”, Jones v. Thomas, 491 U.S. 376, 387, 109 S.Ct. 2522, 2529, 105 L.Ed.2d 322 (1989), the approach adopted by the court below is too technical and affords different protection under the Double Jeopardy clause to defendants who commit identical crimes based on the conjunction the state chooses to use in a charging instrument.
|a“To remedy a violation of double jeopardy, this court has followed a procedure of vacating the conviction and sentence of the less severely punishable offense, and affirming the conviction and sentence of the more severely punishable offense.” State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990). Accordingly, the application is granted in part to vacate defendant’s conviction and sentence for illegal possession of stolen firearms. Defendant’s remaining claims lack merit. Therefore, the application is otherwise denied.