Leon Cannizzaro, District Attorney, Donna Andrieu, Assistant District Attorney, Chief of Appeals, Christopher J. Ponoroff, Assistant District Attorney, ORLEANS PARISH, 619 S. White Street, New Orleans, LA 70119, COUNSEL FOR PLAINTIFF/APPELLEE
Katherine M. Franks, LOUISIANA APPELLATE PROJECT, P.O. Box 220, Madisonville, LA 70447, COUNSEL FOR DEFENDANT/APPELLANT JASON M ROE
Mary Constance Hanes, LOUISIANA APPELLATE PROJECT, P. O. Box 4015, New Orleans, LA 70178-4015, COUNSEL FOR DEFENDANT/APPELLANT JOSHUA A. WATSON
Joshua Watson # 611544, Main/Prison Walnut-3, Louisiana State Penitentiary, 17544 Tunica Trace, Angola, LA 70712, Jason Roe, General Delivery, Louisiana State Penitentiary, Angola, LA 70712
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Tiffany G. Chase )
Judge Tiffany G. Chase
Defendants, Jason Roe (hereinafter "Roe") and Joshua Watson (hereinafter "Watson"), appeal the resentencing of their convictions. Anders briefs were filed by defendants' appellate counsels pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669, (La. 12/12/97), 704 So.2d 241, 242. Appellate counsels assert that they have conducted a thorough review of the record and cannot find any non-frivolous issues to raise on appeal and as such, seeks to withdraw as counsel of record. The State filed a response arguing that no assignments of error were briefed and thus are waived on appeal. After consideration of the record before this Court and the applicable law, we affirm Roe and *353 Watson's resentencing and grant appellate counsels' motions to withdraw.
Statement of the Case
The facts of this case have previously been set out in considerable detail by this Court.[1] On July 18, 2011, the State charged defendants Roe and Watson jointly with committing armed robbery (count one) and charged Roe individually with committing a second armed robbery (count two), possession of a firearm by a convicted felon (count three) and possession of a stolen firearm (count four). A jury subsequently returned a verdict finding the defendants guilty as charged. On May 14, 2013, the trial court sentenced Watson to fifty years imprisonment at hard labor and sentenced Roe to seventy years imprisonment at hard labor on each armed robbery count and to fifteen years on the felon in possession of a firearm count and four years on the stolen firearm count.
On November 20, 2013, defendants' appeal was lodged in this Court. While their appeal remained pending, defendants both admitted to their status as recidivists; Watson as a second felony offender and Roe as a third felony offender. On December 2, 2013, the trial court resentenced Watson to sixty years imprisonment and on January 6, 2014, it resentenced Roe to seventy years imprisonment at hard labor.
On October 8, 2014, this Court reversed the conviction on count two and affirmed the remaining convictions. This Court also vacated the (unenhanced) sentences on count one because they did not reflect that the trial court had imposed the firearm enhancement. This Court also ordered that the trial court impose the mandatory fine required by R.S. 14:95.1 as to defendant Roe.[2] Defendants sought review in the Louisiana Supreme Court, which denied writs to Watson but granted limited relief to Roe, finding that his convictions for possession of a stolen firearm and armed robbery violated double jeopardy principles and vacating the less serious offense.[3]
Pursuant to this Court's order following defendants' appeal, on November 9, 2015, the trial court vacated the originally imposed sentences and resentenced Watson to forty-five years imprisonment at hard labor and added a consecutive five-year enhancement for the use of a firearm and resentenced Roe to sixty-five years imprisonment and added a consecutive five-year enhancement for the use of a firearm. Both defendants filed motions to reconsider their sentence and the trial court conducted a hearing on June 10, 2016.
At that hearing, the trial court acknowledged that when it resentenced the defendants in compliance with this Court's opinion on appeal, it imposed sentences below the mandatory minimums required by law based on defendants' recidivist statuses. Moreover, the trial court was clearly not convinced that either defendant was entitled to a downward departure under State v. Dorthey .[4]
Resentencing
This Court notes one procedural issue which warrants discussion. Specifically, defendants' status as habitual offenders and *354 resentencing. As previously discussed, both defendants pled guilty to being habitual offenders. Watson pled guilty on December 2, 2013, his original sentence was vacated and he was resentenced to sixty years without benefit of parole, probation or suspension of sentence. Roe pled guilty on January 6, 2014, his original sentence was vacated and he was resentenced to seventy years without benefit of parole, probation or suspension of sentence. When the trial court resentenced defendants as habitual offenders, the trial court failed to impose the mandatory consecutive five year term as required by La. R.S. 14:64.3. This Court has previously held that the failure to impose the enhanced sentence under La. R.S. 14:64.3 requires the case to be remanded for resentencing.[5] However, the trial court's sentences were imposed in exchange for the defendants' habitual offender plea agreement and neither defendant challenged that resentence. Defendants' motion to reconsider was in regards to the resentence imposed as a result of this Court's ruling, not the habitual offender resentencing. On October 8, 2014, after the defendants' resentencing occurred on their habitual offender status, this Court ruled on defendants' appeal of their original sentence. In compliance with this Court's ruling, the trial court vacated defendants' original sentence and resentenced defendants. However, defendants' original sentence was vacated when they were adjudicated as recidivists. Nonetheless, Watson was resentenced to forty-five years plus five consecutive years under La. R.S. 14:64.3. Roe was resentenced to sixty-five years plus five consecutive years under La. R.S. 14:64.3.
Our Supreme Court has held that if a sentence is grossly disproportionate to the severity of a crime or only purports to impose pain and suffering, that sentence is excessive and unconstitutional.[6] Defendants' resentencing does not constitute excessive punishment since both defendants are repeat felony offenders and their pre-enhancement sentences were less than the mandatory minimum under the habitual offender statute. Considering neither party appealed the terms of the habitual offender resentence, the terms should not be disturbed and defendants' agreements made under the habitual offenders statute remain intact.
Errors Patent
The record was reviewed for errors patent, in accordance with La. C.Cr.P. art. 920, and none were found.
Anders brief and motion to withdraw
Appellate counsels have filed Anders briefs pursuant to Anders v. California and State v. Jyles . Counsel for each defendant asserts that they have completed a thorough review of the trial court's record and found no non-frivolous issues to raise on appeal. The United States Supreme Court in Anders determined that, after an examination of the trial court record, if appellate counsel finds the case to be frivolous, counsel should advise the court accordingly and seek withdrawal from the matter. Anders was interpreted by this Court in State v. Benjamin .[7] This Court has conducted an independent review of the record as required by Benjamin and determined that a review of the record supports appellate counsels' findings of no non-frivolous issues to raise on appeal.
*355 Conclusion
After a thorough review of the record, this Court finds no errors patent and finds no non-frivolous issues on appeal. Therefore, the resentence of both defendants, Jason Roe and Joshua Watson, are affirmed. Additionally, appellate counsels' motions to withdraw are granted.
AFFIRMED

State v. Roe , 2013-1434, pp. 3-15 (La.App. 4 Cir. 10/8/14), 151 So.3d 838, 843, writ denied sub nom. State v. Watson , 2014-2355 (La. 8/28/15), 175 So.3d 966, and writ granted in part, denied in part , 2014-2322 (La. 8/28/15), 177 So.3d 125.

State v. Roe , 2013-1434, pp. 56-57 (La. App. 4 Cir. 10/8/14), 151 So.3d 838.

State v. Watson , 2014-2344 (La. 8/28/15), 175 So.3d 966 ; State v. Roe , 2014-2322 (La. 8/28/15), 177 So.3d 125.

State v. Dorthey , 623 So.2d 1276 (La. 1993) (mandatory minimum sentence dictated by statute may constitute excessive punishment).

State v. Kennedy , 2010-1606, p. 4 (La.App. 4 Cir. 8/10/11), 73 So.3d 985, 988.

State v. Bonanno , 384 So.2d 355, 357 (La. 1980).

State v. Benjamin , 573 So.2d 528 (La.App. 4 Cir. 1990).