448 So.2d 100 (1984)
STATE of Louisiana
v.
Wandall W. COODY.
No. 83-KK-1369.
Supreme Court of Louisiana.
February 27, 1984.
Rehearing Denied April 13, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., Allen Harvey, Asst. Dist. Atty., for applicant.
Paul Henry Kidd, Kidd and Kidd, Monroe, for respondent.
*101 CALOGERO, Justice.
Wandall W. Coody, Sheriff of Morehouse Parish, was charged in a two count bill of information with malfeasance in office, in violation of La.R.S. 14:134(3),[1] and injuring public records, a violation of La.R.S. 14:132.[2] He filed a motion to quash the bill of information contending that the two counts contained in the bill of information are "duplicitous in that the two counts actually constitute only a single offense." The trial court, after conducting a hearing on the motion to quash, concluded that the two counts were duplicitous and thus granted defendant's motion.[3] The Court of Appeal denied the state's request for review finding no error in the trial court's ruling. We granted the state's application for writs.
Because the trial court granted the motion to quash, the case has yet to be tried. Thus, there is no trial evidentiary record. Nonetheless, to better understand the limited legal issue involved it is necessary that we review the state's contentions. Presumably the state seeks to prove the following facts:
On April 11, 1981, two brothers were arrested for attempted theft. The arresting officers issued a summons, completed an arrest report and recorded the arrests in the Sheriff department's arrest log book. Shortly thereafter one of the arrestees telephoned Sheriff Coody and asked him to look into the matter. The Sheriff asked his chief deputy to investigate the incident and give him an account of the circumstances surrounding the arrest. The deputy reported his findings to the Sheriff who then concluded that there were insufficient grounds to charge the arrestees. At that time the deputy informed the Sheriff that the arrestees had been booked and their names recorded in the booking log. Pursuant to Sheriff Coody's instructions the deputy removed from the booking log the page containing the names of the arrestees. Some months later the arresting officers were trying to determine the status of the case when it was discovered that the arrestees' names were missing from the booking log. The problem was reported to the District Attorney's office which then issued subpoenas for the booking log and the investigative file on the arrestees. The log which was produced had no reference to the arrests of the two brothers. Several days later the deputy who had removed the page from the booking log found all records of the arrest stored away in his home. Shortly thereafter Sheriff Coody, defendant in these proceedings, was charged with malfeasance in office and injuring public records.
The bill of information by which defendant was charged reads:
... Wandall Coody ... on or about the 13th day of April, 1981, in the Parish and State aforesaid, did then and there wilfully and unlawfully:

*102 COUNT # 1: commit the crime of malfeasance in office when as a public officer, being the Sheriff of the Parish of Morehouse, he did knowingly permit another public employee, under his authority, namely Chief Deputy Sheriff Allen Brown, to intentionally refuse or fail to perform a duty lawfully required of him, namely his lawful duty pursuant to Code of Criminal Procedure Article 229, by knowingly permitting the aforementioned Deputy as officer in charge of the jail or police station, to intentionally fail to notify the District Attorney of the bookings of Manzie Reese and Mizell Reese, persons booked on or about April 11, 1981 for a violation of State statute, namely, R.S. 14:67 by intentionally permitting the aforementioned Deputy to fail to communicate the bookings to the District Attorney, by removing the names of the aforementioned Manzie Reese and Mizell Reese from the booking document kept pursuant to Code of Criminal Procedure Article 228, and by secreting all records of the arrest of Manzie Reese and Mizell Reese for six months, contrary to the provisions of R.S. 14:134(3);
COUNT # 2: commit the crime of injuring public records when he did intentionally remove, destroy, alter, and falsify a record of document, namely portions of the booking log maintained by the Sheriff's Office, Parish of Morehouse, filed or deposited, by authority of law, namely Code of Criminal Procedure Article 228, in a public office, namely the office of the Sheriff, Parish of Morehouse, contrary to the provisions of R.S. 14:132.
Stripped of its nonessential language, and paraphrased, the bill of information can reasonably be read as stating the following:

Count 1: Defendant did commit the crime of malfeasance 1) by permitting the Chief Deputy intentionally to fail to notify the District Attorney of the bookings, 2) by removing the names from the booking document, and 3) by secreting all records of the arrest(s) for six months.

Count 2: Defendant did commit the crime of injuring public records by intentionally removing (or destroying, altering or falsifying) a record, namely, portions of the booking log.[4]
Both state and federal constitutions provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const. Amend. V; La. Const. art. 1, § 15. The double jeopardy clause protects the accused against multiple punishment for the same offense as well as a second prosecution for the same offense after acquittal or conviction. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); State v. Vaughn, 431 So.2d 763, 767 (La.1983); State v. Doughty, 379 So.2d 1088, 1090 (La.1980). In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated as follows:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not...
This rule is constitutionally required of the states. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Doughty, 379 So.2d at 1090.
This Court has also utilized the "same evidence" test, which was articulated as follows, in State v. Steele, 387 So.2d 1175 at 1177 (La.1980):
... If the evidence required to support a finding of guilt of one crime would also have supported conviction for the other, *103 the two are the same under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for a conviction, not all the evidence introduced at trial.
Defendant argues that the elements of the offenses "overlap" and that the alleged injury to public records is the means by which the alleged malfeasance was committed. Thus, proof of malfeasance based on this conduct would necessarily have supported a conviction for injuring public records. The state, on the other hand, contends that the malfeasance charge arose as a result of defendant's having knowingly permitted a deputy to withhold from the district attorney the fact that arrests and bookings of the two men had taken place.[5] The state contends that the reference in the malfeasance count to removal of names from the booking log is mere surplusage and not necessary to a conviction for malfeasance.
Based upon the bill of information it appears that the state will attempt to prove count one, malfeasance, in one or more, or all of three ways: 1) permitting the Chief Deputy to neglect to notify the District Attorney of the bookings; 2) removing portions of the booking log; and or 3) secreting all records of the arrest for six months.
They will also attempt to prove Count 2 by showing that the defendant did intentionally remove portions of the booking log.[6]
Thus, according to the bill of information as written, defendant runs the risk of being convicted under each count for the identical conduct: namely, removing portions of the booking log. Each offense will not require proof of an additional fact which the other does not, for while malfeasance as here charged does require proof of an additional fact that injuring public records does not, (i.e., that defendant is a public officer), injuring public records does not require an additional fact that malfeasance does not. Injuring public records requires proof of the singular fact that public records were injured,[7] a fact necessarily part of the malfeasance count as charged.
Apparently, the trial judge interpreted the bill of information in such manner and understandably assumed that the state intended to prove that defendant tampered with the booking log in support of both the malfeasance and injuring public records charges. Thus, in quashing the bill of information the trial court noted that "the evidence which would be required to support a conviction under Count One of the Bill of Information would be sufficient to support a conviction under Count Two."
The trial judge in this case was faced with a difficult legal decision prompted by a poorly drawn bill of information. Nonetheless, we find that it was unnecessary for him to have quashed the entire bill of information. Rather, he should have quashed only that part of the bill of information which threatens defendant with two convictions for precisely the same conduct. Specifically, he should have quashed part two of count one. That part of count one is a *104 conjunctive allegation. It charges removal of names from the booking log as a means of committing malfeasance in addition to permitting the Chief Deputy to fail to notify the District Attorney of the bookings and secreting all records of the arrests for six months.[8]
With the removal of this defect the state will be confined to proof of malfeasance based on defendant's alleged actions in 1) permitting the Chief Deputy intentionally to fail to notify the District Attorney of the bookings, and/or 2) secreting all records of the arrests for six months. Malfeasance in office based upon one or both of these actions will not require proof that defendant ordered alteration of the booking log, which, of course, is the essence of count two. Conversely, injuring public records will not require proof that defendant permitted his Chief Deputy to fail to notify the District Attorney of the bookings or that he secreted all records of the arrest.

Decree
For the foregoing reasons the decision of the district court is affirmed insofar as it in essence strikes part two of count one of the bill of information. It is reversed however insofar as it quashes the entirety of the bill of information. The case is remanded to the district court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DIXON, C.J., concurs with reasons.
MARCUS, J., concurs for reasons assigned by DIXON, C.J.
DIXON, Chief Justice (concurring).
I respectfully concur.
Two separate offenses were charged, one in each count. The first one charged (with some surplusage) the failure to report a booking to the district attorney in violation of C.Cr.P. 229 and R.S. 14:134(3). The second offense charged the injuring of public records in violation of R.S. 14:132. Each is a different offense and each contains elements not found in the other.
The removal or concealment of the booking record was relevant, but not essential to proving that defendant failed to notify the district attorney of the booking, as required by C.Cr.P. 229.
NOTES
[1] La.R.S. 14:134 provides:

Malfeasance in office is committed when any public officer or public employee shall:
* * * * * *
(3) Knowingly permit any other public officer or public employee, under his authority to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
* * * * * *
[2] La.R.S. 14:132 provides:

Injuring public records is the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited, by authority of law, in any public office or with any public officer.
Whoever commits the crime of injuring public records shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
[3] Although couched in terms of "duplicity" by the trial court and defendant, it is clear that the issue involves double jeopardy. The trial court determined that, assuming the state can prove what they charge in the two counts, they will be supporting each count essentially with proof of the same conduct.
[4] It was not unreasonable for the trial judge to have read "removing the names from the booking document" (count one), as essentially the same contention as removing, etc., portions of the booking log (count two).
[5] This conduct is alleged to be a violation of the duty imposed by La.C.Cr.P. art. 229 which provides:

The officer in charge of the jail or police station shall immediately inform the prisoner booked:
(1) Of the charge against him;
(2) Of his rights to communicate with and procure counsel; and
(3) Of his right to request a preliminary examination when he is charged with a felony.
The officer in charge shall, within forty-eight hours from the time of the booking, notify the district attorney in writing of all persons booked for violation of state statutes, and shall furnish without cost a certified copy of any booking entry to any person requesting it. (emphasis provided.)
[6] Defendant is apparently being charged as a principal with respect to removing portions of the booking log, for the state contends in brief that the Chief Deputy removed the page from the log at defendant's direction.
[7] The definition of injuring public records in La.R.S. 14:132 includes removal, in addition to mutilation, destruction, alteration, falsification, or concealment.
[8] La.C.Cr.P. art. 480 provides for conjunctive charging. That article states:

If an offense may be committed by doing one or more of several acts, or by one or more of several means, or with one or more of several intents, or with one or more of several results, two or more of such acts, means, intents, or results may be charged conjunctively in a single count of an indictment, or set forth conjunctively in a bill of particulars, and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction.