483 So.2d 1301 (1986)
STATE of Louisiana
v.
George CLAIBORNE.
No. KA-3755.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
*1302 William J. Guste, Jr., Atty. Gen., Barabara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and ARMSTRONG, JJ.
ARMSTONG, Judge.
The defendant, George Claiborne, was charged with a violation of LSA-R.S. 14:95.1, relative to the offense of possession of a firearm by a convicted felon. Following a trial by jury, Claiborne was found guilty of attempted possession of a firearm by a convicted felon. He was sentenced to serve five years at hard labor without benefit of probation, parole or suspension of sentence and to pay a fine of $500.00 or serve one year in default thereof.
The record reflects that on April 12, 1984, Jimmy Rayford heard several shots outside of his apartment. He looked out of his door and saw the defendant walking with a gun in his hand. Rayford stayed in his apartment until he saw lights flashing outside his window, at which time he left his apartment and observed several policemen. Rayford was stopped and searched by the police. He told them that he had seen the defendant with a gun and described the defendant to the officers. Later that night, Rayford saw the officers with the defendant in custody. Rayford identified the defendant.
Officer William Steel testified that he and his partner, Officer Polite, were on routine patrol in the 500 block of South Rampart when they heard what sounded like seven gunshots. In the course of investigating the apparent shots they questioned Jimmy Rayford and, as a result, went to the second floor of the building at 538 South Rampart. When the police reached the second floor, they saw the defendant standing in an open doorway on that floor. While Officer Steele was questioning the defendant, Officer Polite looked inside the door and saw a gun lying on a dresser about ten to twelve feet from the door. Officer Polite seized the gun, and Officer Steele arrested the defendant for illegally discharging a firearm. While he was booking the defendant Officer Steele discovered that the defendant had a prior conviction for aggravated battery. The defendant was then charged with being a convicted felon in possession of a firearm.
At trial, George Claiborne testified in his own behalf. He stated that the gun was not his and that it had not been found in his apartment. He further stated that he had been beaten and robbed by the police officers during the course of his arrest.
At a previous trial held on June 22, 1984, the defendant was found not guilty of the charge of illegally discharging a firearm.
A review of the record reflects that there are no errors patent.
In his second pro se brief, the defendant appears to allege that there was insufficient evidence to support the jury's verdict. The standard used in reviewing such a claim is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir. 1984).
The defendant herein was charged with being a convicted felon in possession of a firearm, in violation of LSA-R.S. 14:95.1, and was convicted of attempt of that crime. The State proved that the defendant had a prior conviction for aggravated battery. The State also introduced evidence to show that the defendant had a gun lying on a dresser in his apartment twelve feet away from where defendant was arrested and in plain view of the defendant and the officers. Such "constructive" *1303 possession has been found sufficient to support a conviction of R.S. 14:95.1. State v. Mose, 412 So.2d 584 (La.1982). Additionally, Rayford testified that he heard shots outside his apartment, looked out his door, and saw defendant holding a gun. Thus, the State proved beyond a reasonable doubt that the defendant was a convicted felon in possession of a firearm. State v. Catchings, 440 So.2d 153 (La.App. 4th Cir.1983). Where the evidence shows that the crime was perpetrated by the defendant, the evidence will also support a conviction for attempt. LSA-R.S. 14:27(C).
In his first assignment of error, the defendant argues that the trial court erred in imposing a fine with an additional year at hard labor in default thereof.
It is well settled that an indigent defendant may not be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would have a term of imprisonment longer than the statutory maximum. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974).
The defendant herein was represented by the Orleans Indigent Defender Program and can, therefore, be considered an indigent. Williams, supra; State v. Plaisance, 444 So.2d 665 (La.App. 1st Cir. 1983). He was sentenced to the maximum term of imprisonment for the offense of attempted possession of a firearm by a convicted felon. LSA-R.S. 14:95.1; LSA-R.S. 14:27. Accordingly, the trial court erred in imposing a sentence of one year in default of payment of a fine.
The defense next argues that in sentencing the defendant to the maximum, the trial court erred in imposing an excessive sentence as the defendant is not the worst offender.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. den., Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); see also State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in LSA-C.Cr.P. art. 894.1 in determining the defendant's particular sentence. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984).
In the instant case the trial court noted, prior to imposing sentence, that the defendant's previous record was indicative of violence and that defendant had not learned anything. The court also noted that defendant's previous record included a battery in which defendant had thrown acid on the victim. Unfortunately, there is no indication from the record as to what mitigating circumstances the court considered or found wanting. Because the defendant was found not guilty of unlawfully discharging a firearm and, further, because the firearm was not taken from defendant's person, the trial court's compliance with the requirements of C.Cr.P. art. 894.1 is essential for an adequate review of the sentence. In view of the trial court's failure to enumerate any mitigating circumstances, this matter must be remanded for resentencing in accordance with C.Cr.P. art. 894.1.
In his third assignment of error, the defendant argues that the trial court erred in denying his motion to suppress evidence. In support of this assignment of error, defendant asserts that because he was eventually acquitted of illegally discharging a firearm, the offense for which he was originally arrested, the warrantless seizure of the weapon was illegal as not based on probable cause.
In this case the police officers heard several shots and began to investigate. After arriving at the building in which the defendant resided, they were told by another *1304 tenant that the tenant had seen the defendant with a gun. Although this may not constitute probable cause to believe that the defendant was committing a crime, the police officers had a reasonable suspicion to warrant a stop of the defendant.
Probable cause is not needed when officers wish to stop and interrogate one who is reasonably suspected of criminal conduct. LSA-C.Cr.P. art. 215.1. Although mere suspicious activity is not a sufficient basis for police interference with an individual's freedom, the Louisiana Supreme Court has repeatedly held, "Reasonable cause for an investigatory stop or detention is something less than probable cause. Nevertheless, it requires the detaining officer to have articulable knowledge of particular facts sufficient reasonably to suspect the detained person of criminal activity." State v. Williams, 421 So.2d 874, 875 (La.1982), quoting State v. Edsall, 385 So.2d 207, 209 (La.1980)
After the initial stop of the defendant for questioning, one of the officers observed a gun in plain view on a dresser approximately ten to twelve feet inside the doorway of the defendant's apartment. This seizure of the gun was valid as being pursuant to the "plain view" exception to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hernandez, 410 So.2d 1381 (La.1982).
In Hernandez, supra, the court held that there are three conditions that must be satisfied in order for a warrantless seizure to come under the plain view exception: 1) there must be a prior justification for an intrusion into a protected area, 2) in the course of which evidence is inadvertently discovered, 3) where it is immediately apparant without close inspection that the items seized are evidence or contraband.
In this case, the police officers were justified in approaching the defendant in the hallway outside his apartment. Once the questioning had begun one of the officers observed a gun in plain view on a dresser. Under the facts of this case, the gun was clearly contraband or evidence, thereby giving the officer the right to seize the weapon. This assignment of error is without merit.
In his fourth assignment of error the defendant argues that he was prejudiced by the fact that he was tried in prison clothes. A defendant cannot be compelled to stand trial before a jury while dressed in identifiable prison clothing. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). When examining this issue on appeal, the court has focused on whether the defendant demonstrated that his clothing at trial was readily identifiable as prison attire, State v. Leggett, 363 So.2d 434 (La.1978), and whether he was prejudiced by wearing the prison clothing. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).
The defendant herein made no objection at trial to wearing prison clothes, nor did he demonstrate that his clothes were readily identifiable as prison attire. The only reference to the defendant's attire in the trial transcript is the identification of the defendant by Officer Polite in which Polite said the defendant was wearing a "green fatigue shirt". Accordingly, this assignment of error lacks merit.
By his fifth assignment of error the defendant alleges that he was placed in double jeopardy when he was required to proceed to trial after having been acquitted on the charge of illegally discharging a firearm.
LSA-C.Cr.P. art 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defedant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or

*1305 (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. State v. Coody, 448 So.2d 100 (La.1984); State v. Steele, 387 So.2d 1175 (La.1980). Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Dubaz, 468 So.2d 554 (La.1985); Coody, supra. This test is applied to evidence required to convict, not to all evidence presented at trial. Steele, supra; State v. Rogers, 462 So.2d 684 (La.App. 4th Cir. 1984), writ denied, 478 So.2d 899 (La.1985).
In the instant case, the defendant was previously acquitted of intentional discharge of a firearm in violation of R.S. 14:94. That crime is defined as follows:
Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
The conviction in the second trial, from which this appeal was taken, is for the attempted possession of a firearm by a convicted felon. In the first charge the State had to prove that the defendant fired the gun. In the second charge the State had to show that the defendant was attempting to possess a gun and that the defendant was a convicted felon. Each crime, therefore, requires proof of facts which the other does not. This assignment of error lacks merit.
By his last assignment of error the defendant alleges that he was beaten during his arrest and while incarcerated awaiting his preliminary hearing. At trial the defendant testified that his arrest had not occurred as the police claimed it had. Defendant testified that he had not been in his doorway when the police approached him, his door had not been open and he had been beaten by the police during the course of his arrest. The alleged beatings, therefore, went to the issue of credibility as determined by the trier of fact. Questions of credibility are left to the sound discretion of the trier of fact and will not be disturbed absent an abuse of discretion. State v. Arnaud, 412 So.2d 1013 (La.1982). No such showing has been made.
Moreover, the defendant does not allege that he made any statements as a result of the alleged beatings or that the beatings served to deny his right to a fair trial. Thus, while defendant's allegations may serve as a basis for a civil suit, they are not reviewable by this court.
For the foregoing reasons, defendant's conviction is affirmed but his sentence is set aside and the case is remanded for resentencing in accordance with C.Cr.P. art. 894.1.
AFFIRMED and REMANDED.