CADE, Judge,
concurring in denial of rehearing:
I fully agree “[i]t is not the function of an appellate court to assess credibility or reweigh the evidence.” State v. Rosiere, 488 So.2d 965, 968 (La.1986). However, I do not read our Supreme Court’s Rosiere decision, or LSA-Const. Art. 5 § 10(B), to preclude review where the trial court’s credibility determination constitutes an abuse of discretion, see State v. Sorina, 499 So.2d 376, 380 (La.App. 4th Cir.1986), State v. Claiborne, 483 So.2d 1301, 1305 (La.App. 4th Cir.1986); is clearly contrary to the evidence, see State v. Vessell, 450 So.2d 938, 943 (La.1984); State v. Turner, 499 So.2d 1282, 1284 (La.App. 4th Cir.1986); State v. Scott, 454 So.2d 851, 855 (La.App. 5th Cir.1984); or where the sole evidence of guilt is internally contradictory and obviously fabricated testimony, see State v. Garlepied, 454 So.2d 1147, 1148 (La.App. 4th Cir.), writ denied 462 So.2d 189 (La.1984). In the present case the Jackson v. Virginia[1] standard is not met.

. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).