875 So.2d 833 (2004)
STATE of Louisiana
v.
Toney D. BAPTISTE.
No. 2003-KA-2075.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 2004.
Rehearing Denied July 15, 2004.
Charles C. Foti, Jr., Attorney General State of Louisiana, Darryl W. Bubrig, Sr., District Attorney of Plaquemines Parish, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney of Plaquemines Parish, New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS SR.).
JAMES F. McKAY III, Judge.

STATEMENT OF THE CASE
On March 19, 2003, the State filed a bill of information charging the defendant Toney Baptiste with two counts of armed robbery, violations of La. R.S. 14:64. The defendant was arraigned and entered pleas of not guilty on March 31, 2003. On June 9, 2003, the defendant pro se filed a motion to quash on double jeopardy grounds. On July 9, 2003, the court heard oral argument on the motion to quash and took it under advisement.[1] On July 11, 2003, the court rendered a written judgment granting the motion to quash. The State moved for an appeal on August 4, 2004, which was granted by the trial court.

*834 STATEMENT OF THE FACTS
The facts of this case are evidenced in the record only by documents attached to the State's answers to the defense discovery motions. The report prepared by the sheriff's office reflects that on August 19, 2002, the victims, Hubert Cole and Leonard Broussard, were driving on Lake Hermitage Road toward a marina when a blue Oldsmobile passed them, then turned around and cut them off. The passenger of the Oldsmobile exited and approached the victims and ordered them to exit their truck, which they did. The perpetrator was armed with a revolver. At that time, the driver of the Oldsmobile also exited his vehicle, but the victims were unable to say whether he also had a weapon. The first suspect obtained the wallet of one of the victims, Mr. Broussard, which contained cash, credit cards, and his driver's license. The other victim, Mr. Cole, gave his wallet, his hunting knife, and the keys of his vehicle to the driver of the Oldsmobile. The driver told the victims not to move, and both robbers then left the scene in the Oldsmobile. The victims flagged down a passing St. Charles Sheriff's deputy and told him of what had occurred. The deputy told the victims to call the Plaquemines Parish Sheriff's office to report the robbery, which they did.
Later the same day, one of the victims, Leonard Broussard, called the Plaquemines Parish Sheriff's office and reported that his bank had called to tell him someone was trying to use his card at an ATM machine at a food mart in Luling. Also, the cashier at the food mart called the police because she had noticed that the person using the card, the defendant, was African-American, but had a white man's driver's license. Furthermore, the defendant had aroused the cashier's suspicions because of questions regarding how many times he could use the ATM machine before it stopped him. Deputies from the St. Charles Parish Sheriff's office responded to the scene and arrested the defendant after a struggle. A second person on the scene, which fit the description of the second robber, fled the food mart and has never been apprehended or identified.
At the time of his arrest, the defendant was found in possession of Mr. Broussard's driver's license and two credit cards. He also discarded narcotics. He was subsequently charged in St. Charles Parish with several offenses. On August 21, 2003, after Mr. Broussard positively identified him in a photographic line-up as one of the robbers, an arrest warrant was issued in Plaquemines Parish. That warrant was not executed until February 25, 2003, when St. Charles Parish authorities notified Plaquemines Parish that the defendant was ready to be transferred.

DISCUSSION
In this appeal by the State, the sole issue is whether the trial court erred when it granted the defendant's motion to quash. The motion was based on the allegation that the prosecution was barred by double jeopardy. The basis for the double jeopardy claim was that the defendant pled guilty to violating La. R.S. 14:69, relative to the illegal possession of stolen property, in St. Charles Parish; the stolen property were the items taken from Leonard Broussard, one of the victims of the armed robberies in the instant case.
Before addressing the legal principles, it should be noted that the State initially argued at the hearing that charges to which the defendant entered pleas in St. Charles Parish and was sentenced were possibly not possession of stolen property but rather were unauthorized use of an access card. The defense responded that it had provided the court with certified copies of the minutes from the St. Charles Parish proceedings. These minutes reflected *835 pleas of guilty to nine counts of unauthorized use of an access card and one count of illegal possession of stolen property. On the latter count the defendant was sentenced to 121 days in prison to run concurrently with the other counts. The State dismissed a charge of possession of narcotics with the intent to distribute. In its written judgment, the trial court explicitly stated that the conviction in St. Charles Parish was for possessing property stolen in the instant case. In its brief, the State concedes these facts, arguing only that the trial court misapplied the law to the facts.
In its written judgment the trial court relied on State v. Robertson, 386 So.2d 906 (La.1980). In that case, the defendant was charged in separate bills of information with armed robbery and receiving stolen things. The defendant entered a guilty plea to the charge of armed robbery first and was sentenced. He then filed a motion to quash the bill of information charging him with receiving stolen property. The property listed in the bill was the identical property, a vehicle, which was also listed in the bill of information on the armed robbery charge. In discussing whether the defendant could be punished for both offenses, the court first noted that armed robbery was defined in part as "the theft of anything of value,"[2] and thus theft was an element of the armed robbery charge. Robertson, 386 So.2d at 907. La. R.S. 14:69 defined receiving stolen property in part as the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft. The court then cited La. C.Cr.P. art. 482(A), which provides:
A. An indictment for theft may also contain a count for receiving stolen things, and the defendant may be convicted of either offense. When two or more persons are jointly indicted for these offenses, any or all of the persons indicted may be found guilty of either of the offenses charged. The district attorney shall not be required to elect between the two offenses charged.
The court further reviewed the comments to Art. 482, which reflected that it was designed to provide for a situation where the prosecution may be unsure which crime the evidence would establish at trial. The court recognized that Robertson had not been charged in a single indictment; however, the armed robbery conviction included theft as an essential element, and the object of the theft was the same as the thing received in the stolen property charge. The court thus concluded:
For the same reasoning that caused the enactment of art. 482(A), we conclude that where a defendant is charged in separate indictments with theft, or a crime in which theft is an essential element thereof (e. g., armed robbery), and receiving stolen things, and the object of the theft and the thing received are the same, a defendant can be found guilty of either crime but not both. We are supported in this conclusion by the comment to art. 482 which states: "A receiver of stolen things (R.S. 14:69) will be guilty of theft (R.S. 14:67), rather than receiving, if it develops that he procured or in any way participated in the stealing of the goods." (Emphasis added.) In other words, both charges cannot be supported by the same facts.
Robertson, 386 So.2d at 908.
The State in its brief attempts to distinguish Robertson from the instant case on *836 the grounds that the defendant in Robertson had entered his plea to armed robbery first. The State suggests that, because possession of stolen property is a "lesser included offense of armed robbery," Robertson's plea to the greater offense barred prosecution for the lesser offense, and conversely, where the defendant first pled to possession of stolen property; prosecution is not barred for the "greater offense." However, nowhere in Robertson did the court refer to lesser and greater offenses as the determining factor. The language from the case makes no distinction as to which conviction occurs first. Rather, the court made it clear that the double jeopardy bar arose from the fact that "the thing received and the object of the theft in the armed robbery" were the same. Id. p. 907. Furthermore, the conclusion that it makes no difference which conviction occurs first is bolstered by a per curiam opinion rendered by the Court in State v. France, 410 So.2d 238 (La.1981). The court reversed the trial court's ruling denying the defendant's motion to quash a bill of information for armed robbery based on double jeopardy grounds. The court noted that Robertson was not inconsistent but rather supported the motion to quash. The notable aspect is the specific reference to the bill of information charging armed robbery, leading to the inference that the defendant had already been convicted of the stolen property charge, the reverse of the situation which was presented in Robertson, but which is the same as in the present case.
Nevertheless, there is a possible meritorious argument in this case, which the State totally fails to mention. The defendant was charged with two counts of armed robbery, one count as to Leonard Broussard and the other as to Hubert Cole. All of the documents in the record show that the defendant was in possession of Mr. Broussard's property when he was arrested in St. Charles Parish. There is nothing to indicate that the defendant was in possession of Mr. Cole's property. However, the trial court apparently quashed the entire bill of information and not merely the count involving Mr. Broussard.
In State v. Sandifer, 95-2226 (La.9/5/96) 679 So.2d 1324, the Louisiana Supreme Court extensively discussed double jeopardy in the context of a defendant being charged with and convicted of both possession of a firearm while in possession of narcotics, a violation of La. R.S. 14:95(E), and a separate count of possession of narcotics:
The Double Jeopardy Clause protects defendants from being punished or prosecuted twice for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15; La.C.Cr.P. art. 591. Under La. C.Cr.P. art. 596, double jeopardy exists in a second trial only when the charge brought is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, or (2) based on a part of a continuous offense for which the defendant was in jeopardy in the first trial. The United States Supreme Court applies the "additional fact" test to resolve double jeopardy issues and states are constitutionally required to do the same. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); see United States v. Dixon, 509 U.S. 688, 696-97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993); Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225-2226, 53 L.Ed.2d 187 (1977); State v. Knowles, 392 So.2d 651, 654 (La.1980). The "additional fact" test requires that, when conduct constitutes a violation of two or more distinct statutory provisions, the provisions must be scrutinized to confirm that each demands proof of *837 an additional fact. Knowles, 392 So.2d at 654.
In addition, Louisiana courts utilize the "same evidence" test, which focuses upon the actual physical and testimony evidence necessary to secure a conviction. State v. Steele, 387 So.2d 1175, 1177 (La.1980). This test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, under the "same evidence" test, the court's concern is with the "evidential focus" of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence presented goes to satisfy the prosecution's burden of proof. State v. Coody, 448 So.2d 100, 102-103 (La. 1984). Therefore, if the evidence required to support a finding of guilt of one crime would also support a conviction for another offense, the defendant can be placed in jeopardy for only one of the two. Coody, 448 So.2d at 102-103; Knowles, 392 So.2d at 654.
Consequently, the Double Jeopardy Clause, under both the "additional fact" and the "same evidence" tests, prevents an offender from being convicted of both a felony murder and the underlying felony. State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990). The rationale which supports that rule is the same as that which prevents an offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself. See State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035; State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089.
In State v. Warner, the Fourth Circuit Court of Appeal ruled that double jeopardy barred the prosecution for cocaine possession of a defendant who had previously been convicted under La.R.S. 14:95(E) of possession of a firearm while in possession of the same cocaine. The appellate court noted that "[w]hen the gravamen of the second offense is essentially included within the offense for which the defendant was first tried, the second prosecution is barred because of former jeopardy." Warner, 94-2649 at p. 7, 653 So.2d at 61 (citing State v. Buckley, 344 So.2d 980, 982 (La.1977)). In Warner, the court observed that the defendant's prosecution under the cocaine possession charge would require the use of the same evidence presented against him under La.R.S. 14:95(E), and concluded that the prohibition against double jeopardy would be violated. Warner, 94-2649 at p. 8; 653 So.2d at 61. In State v. Woods, the same appellate court ruled that double jeopardy barred the prosecution of a defendant under La.R.S. 14:95(E) subsequent to his conviction on a charge of cocaine possession, where the cocaine possession was the basis for the violation of La.R.S. 14:95(E). State v. Woods, 94-2650 at p. 5, 654 So.2d at 813.
However, Warner and Woods are factually distinguishable from the instant case. The defendants in Warner and Woods were each charged with violating La.R.S. 14:95(E) by possessing a gun while possessing only one controlled substance (cocaine) and were each charged separately with simple possession of cocaine. When the defendants' cases were considered by the appellate court, each had been convicted of one of his two chargesin defendant Warner's case, the 14:95(E) violation and in defendant Woods' case, the cocaine possession violation. Their successes in raising double jeopardy claims hinged on the fact that their respective charges under La.R.S. 14:95(E) required use of the same evidence of possession of cocaine *838 which supported their respective possession charges.
State v. Sandifer, pp. 4-6, 679 So.2d at 1328-31.
The court found that there was no double jeopardy in Sandifer's case. He had been charged in three separate bills of information with one count of possession of marijuana, one count of possession of cocaine, and one count of possession of a firearm while in possession of a controlled dangerous substance, specifically cocaine and marijuana. He entered a guilty plea to the misdemeanor charge of possession of marijuana, and then sought to quash possession of a firearm charge. Because the defendant had pled guilty to only one of the two narcotics charges, the court concluded that, "the evidence of his alleged possession of cocaine, for which he has not yet been convicted, provides a proper basis to support his prosecution under La. R.S. 14:95(E)." Id. p. 7, 1330. The court specifically noted that the physical evidence used to support his marijuana conviction consisted of three marijuana cigarettes; the evidence, which might support a conviction for violating La. R.S. 14:95(E) consisted of a small bottle of cocaine residue and two firearms. Thus, the "application of both the `additional fact' and the `same evidence' tests demonstrates that no double jeopardy violation exists." Sandifer, p. 7, 679 So.2d at 1330.
In the instant case, in order to convict the defendant of the armed robbery of Mr. Cole, the State does not need to present evidence of the defendant's possession of property stolen from Mr. Broussard. In fact, the record indicates that the defendant was the subject who approached Mr. Cole and not the one who approached Mr. Broussard. The cashier from the store in Luling described the defendant as tall and wearing a black hat. In his statement, Mr. Cole referred to the "short guy" as the one who exited the Oldsmobile first, while the other perpetrator was the "tall one" and had a black baseball cap on. Both victims said the tall perpetrator searched the victims' truck and took keys and a sunglass case.[3] Therefore, the property stolen from Mr. Broussard is not the same evidence, which is necessary to support a conviction for the armed robbery of Mr. Cole, and because the offense of armed robbery contains elements other than the taking of anything of value, prosecution for this count will satisfy the "additional fact" test. Sandifer, p. 4, 679 So.2d at 1329.

CONCLUSION
The trial court was correct when it quashed the bill of information as to the count charging the defendant with the armed robbery of Mr. Broussard. However, on the record before this Court, it appears the court erred when it quashed the first count relative to the armed robbery of Mr. Cole. Therefore, the court's ruling is affirmed in part, reversed in part, and the matter remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] The court also heard testimony in connection with the motions to suppress filed by counsel and denied them; the transcript of that portion of the proceedings has not been made a part of the record.
[2] In 1983 the statute was amended to substitute the word "taking" for "theft" and inserted "belonging to another." However, considering that La. R.S. 14:69 refers to property "which has been the subject of any theft or robbery," the amendment to La. R.S. 14:64 deleting the specific word theft appears inconsequential to the double jeopardy issue.
[3] The narrative of the police report indicates that one subject took property from Mr. Broussard, and the other took personal property from Mr. Cole. The victims' statements are less clear on whether each robber took a wallet; the use of a common pronoun does not help. Mr. Cole's statement indicates the same subject, the one in possession of the gun, took both wallets. The subject with the gun was the shorter robber, not the defendant.