*460
 
 PER CURIAM.
 

 | ]Writ granted in part. Because relator’s prior misdemeanor conviction in the Baker Municipal Court for illegal possession of stolen things involved the same object of theft, his subsequent trial and conviction ⅛ the 19th Judicial District Court for the armed robbery of June Carter, among other counts charging armed robberies of different victims, violated double jeopardy principles.
 
 State v. Robertson, 3
 
 86 So.2d 906, 907 (La.1980)(defen-dant cannot “be prosecuted for receiving stolen things, after having been convicted and sentenced for armed robbery, where the thing received and the object of the theft in the armed robbery are the same.”);
 
 State v. Baptiste,
 
 03-2075, pp. 5-6 (La.App. 4th Cir.4/28/04), 875 So.2d 833, 836 (double jeopardy barred prosecution for armed robbery after |2defendant pleaded guilty to possession of stolen things involving same property). Accordingly, defendant’s conviction and sentence for the armed robbery of June Carter are set aside and he is ordered discharged from custody as to that offense only.
 
 See Waller v. Florida,
 
 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970)(Double Jeopardy Clause required setting aside petitioner’s state court conviction for the same offense for which he had been tried previously and convicted in municipal court). In all other respects, relator’s applications are denied, and the other non-jeopardy barred convictions and sentences are not affected by our ruling.