LILJEBERG, J.
hOn appeal, defendant, Aaron S. Engle, contends his convictions for theft and receiving stolen goods violate the Double Jeopardy Clause. For the following rea *1263 sons, we affirm defendant’s convictions, as well as the sentence for his theft conviction. However, we vacate the sentence for defendant’s conviction for receiving stolen goods and remand the matter to the trial court for resentencing.
FACTS AND PROCEDURAL HISTORY
On October 30, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with theft of jewelry valued over $500.00 from Cash America Pawn in violation of La. R.S. 14:67 (count one) and with illegal receiving of stolen jewelry belonging to Ana Susie valued at over $500.00 in violation of La. R.S. 14:69 (count two). The bill of information alleges these offenses occurred on or between September 1, 2013, and September 25, 2013. Defendant pleaded not guilty at his arraignment on October 31, 2013.
On January 31, 2014, defendant withdrew his pleas of not guilty and entered pleas of guilty as charged on both counts under La. R.S. 13:5304. The trial court deferred imposition of the sentences and placed defendant on probation for five years. Defendant was also required to complete the Jefferson Parish Intensive Drug Court Program. On February 4, 2014, the trial court issued an attachment following defendant’s failure to appear for drug court. On June 13, 2014, the District Attorney filed a motion seeking to revoke defendant’s probation for failure to pay drug court costs and to appear for drug court. On June 23, 2014, the trial court held a hearing at which time defendant stipulated to the grounds alleged in revocation motion. The trial court sentenced defendant to six years at hard labor on each count to run concurrently.[1]
|2On that same day, the District Attorney filed a multiple offender bill of information with respect to defendant’s theft conviction, alleging defendant to be a third felony offender. Defendant stipulated to the allegations in the multiple bill and the trial court vacated its original sentence on count one. The trial court then sentenced defendant as a third felony offender under La. R.S. 15:529.1 to six years at hard labor on count one without the benefit of probation or suspension of sentence to be served concurrently with the sentence imposed for count two.
On June 16, 2016, defendant filed an application for post-conviction relief arguing his convictions constituted a double jeopardy violation. On June 23, 2016, the trial court dismissed defendant’s application for post-conviction relief without prejudice and granted defendant an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336 (La. 1985). Defendant’s appeal follows.
DISCUSSION
In his sole assignment of error, defendant argues his convictions for theft in violation of La. R.S. 14:67 and receiving stolen goods in violation of La. R.S. 14:69 constitute a violation of the Double Jeopardy Clause. He argues the State prosecuted him for multiple offenses derived from one criminal act and the trial court erred by convicting him of both offenses.
La. C.Cr.P. art. 591 provides, in pertinent part: “[n]o person shall be twice put in jeopardy of life or liberty for the same offense. ...” The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution, prohibit placing a person twice in jeopardy for the same offense. State v. Fairman, 15-67 (La.App. 5 Cir. 9/23/15), *1264 173 So.3d 1278, 1289. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong. Id.
IsDouble jeopardy may be raised at any time pursuant to La. C.Cr.P. art. 594.[2] State v. Anderson, 10-779 (La.App. 5 Cir. 3/27/12), 91 So.3d 1080, 1088. An unqualified guilty plea does not preclude appellate review of jurisdictional defects, such as violations of the Double Jeopardy Clause. State v. Crosby, 338 So.2d 584, 588 (La. 1976). A court considering a double jeopardy challenge entered pursuant to unconditional guilty pleas, however, should engage in a limited review of only the charging documents and plea colloquy. State v. Arnold, 01-1399 (La. 4/12/02), 816 So.2d 289; State v. Miller, 12-126 (La. App. 5 Cir. 10/16/12), 102 So.3d 956, 961-62.
A double jeopardy analysis begins with the inquiry as to whether a single offense or several offenses are involved. Fairman, 173 So.3d at 1289. It is well-settled that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols, 337 So.2d 1074, 1078 (La. 1976); State v. Anderson, 10-779 (La.App. 5 Cir. 3/27/12), 91 So.3d 1080, 1089.
, Louisiana courts utilize two tests to analyze double jeopardy claims: (1) the “distinct fact” or Blockburger test, set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and (2) the “same evidence” test. Fairman, 173 So.3d at 1289. Under the Blockburger test, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Blockburger, 284 U.S. at 304, 52 S.Ct. 180; State v. Knowles, 392 So.2d 651, 654 (La. 1980). The same evidence test is slightly broader in concept and focuses upon the actual evidence necessary to secure a conviction. State v. Steele, 387 So.2d 1175, 1177 (La. 1980). This test | ¿depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, under the same evidence test, the court’s concern is with the “evidential focus” of the facts adduced at trial in light of the verdict rendered, ie., how the evidence presented goes to satisfy the prosecution’s burden of proof. State v. Coody, 448 So.2d 100, 102-03 (La. 1984). Therefore, if the evidence required to support a finding of guilt of one crime would also support a conviction for another offense, the defendant can be placed in jeopardy for only one of the two. Knowles, 392 So.2d at 654.
As explained above, our review in this matter is limited to the charging documents and plea colloquy, which provide few details regarding the facts surrounding the offenses at issue. Defendant does not provide any discussion of the facts in his appellate brief to explain why he contends his convictions arise out of a single criminal act. The bill of information charged defendant with theft of jewelry valued at over $500 from Cash America Pawn in violation of La. R.S. 14:67 and receiving stolen jewelry valued at over $500 belonging to Ana Susie in violation of La. R.S. 14:69. The bill of information indi *1265 cates that defendant committed two separate and distinct offenses involving jewelry-taken from two different victims. Therefore, contrary to defendant’s arguments, it does not appear that the State alleged alternate offenses for theft and receiving stolen things in accordance with La. C.Cr.P. art. 482(A) in this matter.[3]
Furthermore, the plea colloquy did not include a factual basis for defendant’s charges. During the colloquy, the trial court merely asked defendant to confirm whether he was pleading guilty to theft between $500 and $1500 in violation of La. R.S. 14:67 and receiving stolen things between $500 and $1500 in |svioIation of La. R.S. 14:69, and defendant responded affirmatively.[4] Nothing in the record indicates that the theft of jewelry from Cash Pawn America involves the same offense as receiving stolen jewelry which belonged to Ana Susie.[5]
After conducting a limited review of the bill of information and plea colloquy, this Court cannot find that a double jeopardy violation occurred in this matter. This assignment of error is without merit.
ERRORS PATENT DISCUSSION
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The review revealed two errors patent requiring corrective action.
As to defendant’s original sentences, the trial court imposed illegal sentences of six years on both counts. At the time of the offense, La. R.S. 14:67(B)(2) stated:
When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be | ^imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both. [Emphasis added.]
At the time of the offense, La. R.S. 14:69(B)(2) stated:
*1266 When the value of the stolen things is five hundred dollars or more, but less than one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both. [Emphasis added.]
Because count one was vacated following defendant’s adjudication as a multiple offender, no corrective action is required. However, defendant’s sentence for count two remains in effect, and therefore, this Court remands this matter to the trial court for resentencing on count two in compliance with La. R.S. 14:69(B)(2).
Lastly, the Uniform Commitment Order reflects that the trial court sentenced defendant on January 31, 2014. However, the trial court deferred defendant’s sentence on that date and did not sentence defendant until after his probation was revoked on June 23, 2014. In addition, the Uniform Commitment Order states “6 years of the sentence to be served without benefit of probation or suspension,” but fails to specify that this limitation on benefits only applies to defendant’s sentence on count one under the habitual offender statute, La R.S. 15:529.1. Therefore, we remand the matter and order that the uniform commitment order be corrected to reflect the correct date of sentencing and to specify that the limitation of benefits only apply to count one. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
Accordingly, we affirm defendant’s convictions, as well as his sentence on count one. We vacate defendant’s sentence on count two for receiving stolen 17goods and remand the matter to the trial court for resentencing. We also remand this matter for correction of the Louisiana Uniform Commitment Order consistent with this opinion.
CONVICTIONS AFFIRMED; COUNT ONE SENTENCE AFFIRMED; COUNT TWO SENTENCE VACATED AND REMANDED FOR RESENTENC-ING AND CORRECTION OF UNIFORM COMMITMENT ORDER

. As discussed more fully below, the trial court imposed illegal sentences on both counts. At the time of the offenses, the sentencing ranges under La. R.S. 14:67 and 14:69 were not more than five years with or without hard labor for amounts valued at five hundred dollars or more, but less than one thousand five hundred dollars.

. La. C.Cr.P, art. 594 provides that "[d]ouble jeopardy can be raised at any time, but only once ....”

. La. C.Cr.P. art. 482(A) provides that "[a]n indictment for theft may also contain a count for receiving stolen things, and the defendant may be convicted of either offense.. .The district attorney shall not be required to elect between the two offenses charges.”

. La. R.S. 14:69 provided at the time of the offense:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
La. R.S. 14:67 provided at the time of the offense:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other person permanently of whatever may be the subject of the misappropriation or the taking is essential.

.We do note the waiver of rights form signed by defendant in connection with these guilty pleas originally stated that defendant was pleading to two counts of theft and further stated the charges were based on theft of jewelry from Ana Susie and "subsequent exchange for cash at Cash America Pawn.” Defense counsel interjected at the beginning of the plea colloquy and explained that he mistakenly wrote that defendant was pleading to two counts of theft on the form. The form indicates that with respect to count 2, the word "theft” was scratched through and "(14:69)” was written underneath. No changes were made to the explanation of the basis for the charges which immediately followed this correction. However, even if this explanation was correct, it does not support a finding that a double jeopardy violation occurred in this matter.